IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Terrance Lorenzo Allen,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:15cv345 (JCC/JFA) |
| | ) |
| Harold W. Clarke,<br>    Respondent. | )<br>) |

## MEMORANDUM OPINION

Terrance Lorenzo Allen, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss and a Rule 5 Answer, accompanied by a supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has not filed a response. For the reasons that follow, petitioner's claims must be dismissed.

### I. Background

On May 17, 2004, petitioner pled guilty in the Circuit Court of Stafford County to robbery and malicious wounding. Commonwealth v. Allen, Case No. CR0300698-00 and -01. On July 19, 2004, he was sentenced to ten years in prison, with eight years suspended, for malicious wounding; and thirty years in prison, with twenty-eight years suspended, for robbery. On July 7, 2008, a probation violation report was filed in the circuit court and a capias warrant was issued. On December 19, 2008, petitioner pled guilty to the probation violation and the court revoked three years of his suspended sentences. Allen did not appeal. On May 25, 2012, a second probation violation proceeding was filed in the circuit court and another capias warrant was issued. On June 7, 2013, petitioner pled guilty to the violation and the court suspended the remaining thirty-three years of his suspended sentences.

Petitioner pursued a direct appeal to the Court of Appeals of Virginia alleging that (1) the trial court erred by failing to inquire if he desired to make a statement and if he desired to advance any reason why judgment should not be pronounced prior to being sentenced; and (2) the trial court abused its discretion by revoking his previously suspended sentences in light of the nature of his violations and the mitigating evidence he presented. The Court of Appeals affirmed petitioner's conviction in a per curiam opinion on December 19, 2003. Allen v. Commonwealth, R. No. 1149-13-4. On August 28, 2014, the Supreme Court of Virginia refused petitioner's petition for appeal. Allen v. Commonwealth, R. No. 140518.

On March 8, 2015, petitioner filed the instant federal habeas petition in the United States District Court for the Western District of Virginia, arguing that (1) "the state court erred in holding that petitioner had failed to provide a sufficient basis to invoke the ends of justice exception when the trial court did not give petitioner an opportunity to object to the Court's denial of his right to allocution prior to sentencing. The trial court erred in failing to inquire of petitioner if he desired to advance any reason why judgment should not be pronounced prior to being sentenced;" and (2) "the state court erred in holding that the trial court did not abuse its discretion in revoking thirty-three years of petitioner's sentence in light of the nature of petitioner's violations and mitigating evidence presented to the trial court." See Pet. at 5-6. On May 22, 2015, respondent filed a Motion to Dismiss petitioner's claims. Petitioner has not filed a reply. Based on the pleadings and record before this Court, it appears that petitioner has exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determinations with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state]

court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Analysis

In claim (1), Allen contends that the Court of Appeals erred by not invoking the ends of justice provision of its Rule 5A:18 to consider the merits of his claim that he was denied his right to allocution. This claim is not cognizable in a federal habeas petition. It is well established that the scope of federal habeas review is limited to questions of either the federal Constitution or laws, and does not extend to reexamination of a state court's interpretation and application of a state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). On direct appeal, Allen did not assert any constitutional right in conjunction with his ends of justice claim. Specifically, in his petition for appeal to the Virginia Court of Appeals, petitioner alleged the trial court erred when it denied his statutory and common law right to allocute prior to revoking thirty-three years of his suspended sentence. See Brief in Support of Mot. to Dis., Ex. 1 at 9-10. Petitioner has not alleged in his federal petition that the alleged error by the Court of Appeals violated any constitutional right. The Court of Appeals of Virginia thereafter rejected petitioner's claims and held that petitioner failed to provide sufficient basis to invoke the ends of justice exception to Rule 5A:18. See Allen v. Commonwealth, R. No. 1149-13-4 at 2. The Court of Appeals of Virginia's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Allen v. Commonwealth, R. No. 140518. Because claim (1) rests solely on an alleged misapplication of Virginia law, which was rejected by the Supreme Court of Virginia, claim (1) will be dismissed.

In claim (2), Allen asserts that the trial court abused its discretion in revoking the remaining thirty-three years of his sentence. A federal writ of habeas corpus may issue only where a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2254(a); see Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Where a petitioner alleges that a state court incorrectly applied state law, the claim fails to state a basis for federal habeas corpus relief. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright, 151 F.3d at 159. A claim of error in a state court sentencing proceeding raises only issues of state law and thus is not cognizable in a § 2254 petition, even when the claim is "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988). Therefore, Allen's claim that the sentencing court abused its discretion fails to state a basis for federal habeas corpus relief.

## V. Conclusion

For the above-stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 17th day of Nov. 2015.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge